UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WILSON STUBBLEFIELD,

      Plaintiff,

                                  Case No. 25-13834
                               U.S. DISTRICT COURT JUDGE
                                  GERSHWIN A. DRAIN

v.

CITY OF DEARBORN,

      Defendant.
      _____/

**OPINION AND ORDER GRANTING PLAINTIFF WILLIAM WILSON STUBBLEFIELD'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [#2] AND REMANDING CASE TO THE 19TH DISTRICT COURT OF THE STATE OF MICHIGAN**

## I.  INTRODUCTION

This matter is before the Court on Plaintiff William Wilson Stubblefield's Application to Proceed in District Court Without Prepaying Fees or Costs [#2]. For the reasons that follow, Stubblefield's Application is GRANTED. Furthermore, upon screening the present action pursuant to 28 U.S.C. § 1915(e)(2), the Court remands this case back to the 19th District Court of the State of Michigan.

## II. BACKGROUND

Stubblefield is being criminally prosecuted in the State of Michigan's 19th District Court for failure to obey a police officer. On December 1, 2025, he filed a Notice of Removal in this Court, seeking to remove that state criminal action to federal court. Stubblefield argues that removal is appropriate under 28 U.S.C. §§ 1441, 1443, and 1155 for reasons that are, for the most part, difficult to follow. He claims the state court action "involve[s] substantial questions of federal law and constitutional rights," as he "was arrested or cited without probable cause or warrant." ECF No. 1, PageID.1-2. Stubblefield further states that he "is proceeding as a Living Trust, and municipal actions attempting to ticket or enforce obligations against a trust are invalid," and that "[e]nforcement tied to insurance or similar mandates is unconstitutional." *Id.* at PageID.2. Finally, he claims he cannot enforce his federally guaranteed civil rights in state court because "[s]tate proceedings are biased or fail to recognize trust immunity" and "[s]tate remedies are inadequate to protect federally guaranteed rights." *Id.*

## III. LAW AND ANALYSIS

Stubblefield seeks to proceed *in forma pauperis* in this case. A review of his Application to Proceed in District Court Without Prepaying Fees and Costs supports his claim of pauper status, and the Court finds that he may proceed as such. However, for the reasons set forth below, the Court finds that this case was improperly

removed to federal court and must be remanded back to the 19th District Court.

The removal of a state court criminal prosecution is governed by 28 U.S.C. § 1443, which provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Removal under Section 1443(1) is appropriate only if the following requirements are satisfied. First, "it must appear that the right allegedly denied [to] the [defendant] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination[] will not suffice." *Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, "it must appear . . . that the [defendant] is 'denied or cannot enforce' the specified federal rights" in the state court, which "normally requires that

the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision." *Id.* (quoting *Georgia*, 384 U.S. at 219). Moreover, for removal to be appropriate under Section 1443(2), the party seeking removal must be a federal officer or a person assisting a federal officer in the performance of his or her official duties. *City of Greenwood*, 384 U.S. at 815.

In addition to satisfying Section 1443's substantive requirements, a defendant seeking to remove a state criminal case to federal court must satisfy the procedural requirements set forth in 28 U.S.C. § 1455. Section 1455 provides that the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, Stubblefield fails to satisfy Section 1443's substantive removal

4

requirements. With respect to Section 1443(1), he does not allege the denial of civil rights on racial grounds under federal law. Nor does he allege the existence of a state law that would preclude him from enforcing his federal rights in state court. And as for Section 1443(2), Stubblefield does not allege that he is a federal officer or a person assisting a federal officer in the performance of his or her official duties.

Moreover, even if Stubblefield had satisfied Section 1443's substantive requirements, removal would be procedurally improper under Section 1455. According to the 19th District Court docket, Stubblefield was arraigned on October 16, 2025, and his trial is scheduled to commence on February 13, 2026. For his notice of removal to be timely under Section 1445, he would have needed to file it by November 16, 2025, thirty days after his arraignment. Stubblefield filed his Notice of Removal on December 1, 2025, rendering it untimely. He offers no explanation for this untimeliness and has thus failed to demonstrate good cause for extending this deadline.

For these reasons, the Court finds that Stubblefield's state court case was improperly removed to federal court. Accordingly, the Court will remand this case back to the 19th District Court.

## IV. <u>CONCLUSION</u>

Based on the foregoing, IT IS ORDERED that Stubblefield's Application to Proceed in Federal District Court Without Prepaying Fees or Costs [#2] is

GRANTED. IT IS FURTHER ORDERED that this case is remanded back to the 19th District Court of the State of Michigan.

SO ORDERED.

Dated: December 22, 2025                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 22, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager